**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**ELAINE MATTHEWS**                                                                                     **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 3:12CV-720-S**

**MICHAEL A. O'BRYAN, D.V.M.**                                         **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Elaine Matthews filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on the initial review pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth herein, the Court will dismiss the action.[1]

### I. SUMMARY OF CLAIMS

Plaintiff sues Defendant Michael A. O'Bryan, D.V.M., "for a minimum of $100,000 in damages by reason of his having negligently, maliciously, recklessly, and/or incompetently having inflicted upon plaintiff aesthetic injury and psychological injuries . . . ." The complaint concerns Defendant's treatment of a white tail doe named Briana, to which Plaintiff states that she is "deeply bonded." Plaintiff states that Defendant violated her "civil and contractual rights while defendant egregiously and unconscionably acted under color of State Law[]." Plaintiff states that Defendant acted under color of state law by virtue of his being a veterinarian licensed by the Commonwealth of Kentucky.

According to the complaint, Defendant illegally removed the deer from where it resided for over ten years in Bernheim Forest "to a disgusting enclosure in a grossly false, dishonest,

---

[1]Defendant also filed a motion to dismiss (DN 5). The Court remanded the motion from the docket pending screening of the complaint under § 1915(e) and *McGore*, 114 F.3d at 608-09. (DN 6).

misleading, and fraudulent business called Broadbent Wildlife Sanctuary . . . ." Plaintiff states that Defendant was on parole for felony convictions. She states that Defendant's act of removing the deer from Bernheim Forest "was illegal by reason of the material fact that there is a contract involving Briana as the third party beneficiary between plaintiff, the Isaac W. Bernheim Foundation, and Mark K. Wourms, the executive director of the Isaac W. Bernheim Foundation." Plaintiff states that the deer was not permitted to be removed from Bernheim Forest under the contract. She also states that the removal of the deer was a violation of a court order by Bullitt County Judge Elise Givhan Spainhour and that Defendant was in contempt of court.

Plaintiff states that Defendant "did unreasonably cripple Briana from his negligence, his incompetence, his arrogance, his ignorance, his gross and grotesque uncaring, his wanton recklessness, and/or his malice." She states that the deer is now "permanently crippled" due to Defendant's actions. She states that the deer's hooves grew incorrectly and that Defendant did not trim or treat them correctly. Plaintiff also states that the deer's enclosure is inadequate and dangerous. She states that she "suffered aesthetic injury seeing the dreadful enclosures in which Briana was kept and suffered . . . ." She states that she also suffered psychological injuries by seeing the deer given inadequate care. Plaintiff further states that she suffers with chronic depression and that Defendant is aware of this, which makes his failure to communicate with her concerning the deer egregious and offensive.

## II. ANALYSIS

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110

(6th Cir. 1991).  However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction."  *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.  There are two ways a federal district court may have jurisdiction over a case.  The first is through federal

question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

*Federal question jurisdiction*

In the present case, Plaintiff has not established federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiff's complaint is devoid of any factual allegations that would establish any federal cause of action against Defendant.  The only reference to a federal statute is in the complaint's first footnote, wherein Plaintiff states, "The Commonwealth licensing this defendant is the nexus for a Section 1983 action . . . ."  In the body of her complaint, she states that Defendant violated her "civil and contractual rights" acting under "color of State Law[]."

To the extent that Plaintiff is attempting to assert a 42 U.S.C. § 1983 action, § 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

First, Plaintiff has not stated that she was deprived of any federal statutory or constitutional right.  Secondly, Defendant is not an employee or official of any state or municipal government. While Plaintiff claims that Defendant acted under color of state law by virtue of his being a veterinarian licensed by the Commonwealth of Kentucky, a party is not deemed a state actor by being licensed, monitored, or regulated by the state.  *See*, *e.g*., *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) ("[O]ur precedent indicates that the mere fact that a hospital is

licensed by the state is insufficient to transform it into a state actor for purposes of section 1983."); *Crowder v. Conlan*, 740 F.2d 447, 451 (6th Cir. 1984) ("State regulation of a private entity, even if it is 'extensive and detailed,' is not enough to support a finding of state action." (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974)). As nothing in the complaint demonstrates the Defendant was acting color of state law, Plaintiff has not stated a claim under 42 U.S.C. § 1983.

Moreover, Plaintiff cites *Animal Legal Def. Fund v. Glickman*, 154 F.3d 426 (D.C. Cir. 1998), in support of her argument that she has standing by reason of her suffering an aesthetic injury. However, to establish this Court's jurisdiction, Plaintiff still must allege a federal cause of action. *See id.* at 431 (holding that "'a plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit.'") (quoting *Bennett v. Spear*, 520 U.S. 154, 162 (1997)). Here, Plaintiff invokes no federal statutory or constitutional provision on which she can rely.

Further, Plaintiff's breach of contract and negligence claims are state-law, not federal claims, and any claims for violation of a court order or contempt of court cannot be brought in this Court as this Court did not issue the order. For these reasons, Plaintiff fails to demonstrate jurisdiction under 28 U.S.C. § 1331.

*Diversity jurisdiction*

Additionally, Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332. To give rise to jurisdiction under § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The complaint and summons tendered by Plaintiff indicate that both

she and Defendant are citizens of Kentucky. Plaintiff therefore fails to establish diversity jurisdiction.

### III. CONCLUSION

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date: February 27, 2013

                                                            **Charles R. Simpson III, Senior Judge**
                                                                 **United States District Court**

cc:     Plaintiff, *pro se*
           Counsel of record
4411.010